

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-13-929

| | | |
|---|---|---|
| | | **Opinion Delivered** May 21, 2014 |
| A. S. | | APPEAL FROM THE CRAWFORD |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [No. 17-JV-2012-74] |
| V. | | HONORABLE MICHAEL MEDLOCK, |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**LARRY D. VAUGHT, Judge**

AS appeals from the Crawford County Circuit Court's extension of her court-ordered supervision pursuant to a family-in-need-of-services (FINS) petition, from December 2013 to May 2014. Appellant's sole contention on appeal is that there was insufficient evidence to support the court's extension of her supervision. We disagree and affirm.

On March 22, 2012, a FINS petition was filed with regard to AS, then a fifteen-year-old child, for being "habitually and without justification" absent from school. On April 5, 2012, AS did not contest the petition, and the circuit court found that she was a member of a family in need of services. The court ordered that AS attend school and that she be placed on nine-months' court-ordered supervision. On March 7, 2013, an agreed order was entered with the court that AS's juvenile supervision and probation be extended until September 4, 2013, and that she complete a rehabilitation program at the Fort Smith Girls Shelter (Girls Shelter).

On April 16, 2013, the State filed a petition alleging that AS was in criminal contempt for violation of the terms and condition of her juvenile probation because she failed to attend school on a regular basis, refused to obey her juvenile probation officer, drove her vehicle with an expired registration, and ran away from her high school as well as the Girls Shelter. AS entered a plea of "true" to the petition, and in an order entered April 18, 2013, the court found that she was in contempt and sentenced her to ten days in the Yell County Juvenile Detention Center with six days suspended and ordered AS to return to and "successfully complete the program" at the Girls Shelter.

After a review hearing on August 28, 2013, the court again found AS to be a member of a family in need of services and ordered that AS's "existing period of formal supervision [be] extended until May 26, 2014, in order for [AS] to complete placement in the [Girls Shelter], and high school graduation." It is from that order that AS appeals, arguing that the court's order extending her supervision has "no basis" and was "inappropriate[.]"

In juvenile cases, which sound in equity, we review the proceeding under a de novo standard; however, we will not reverse unless the circuit court's findings are clearly erroneous. *Ark. Dep't of Human Servs. v. A.M.*, 2012 Ark. App. 240, 423 S.W.3d 86. A finding is clearly erroneous when, although there is evidence to support the finding, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made. *Id.*

A family in need of services is one in which a juvenile family member is "habitually and without justification absent from school while subject to compulsory school attendance[.]" Ark. Code Ann. § 9-27-303(24) (A) (Supp. 2013). Family services are provided to rehabilitate a

2

juvenile in a "family in need of services case." Ark. Code Ann. § 9-27-303(25)(B)(iv) (Supp. 2013). If a family is found to be in need of services, the circuit court may enter an order placing "the juvenile on supervision terms, including, but not limited to, requiring the juvenile to attend school[.]" Ark. Code Ann. § 9-27-332(a)(6)(A) (Repl. 2009).

Here, it was undisputed that AS had truancy problems. The circuit court previously ordered that AS attend school and complete the year-long program at the Girls Shelter. The State admitted that, as of the hearing on August 28, 2013, AS was complying with the court's order but asked the court to extend AS's formal supervision in order for her to complete the program at the Girls Shelter and to finish high school. AS asked the court to not extend her formal supervision and allow her to "voluntarily" complete the Girls Shelter program.

After considering the opposing arguments and its discretion to extend AS's supervisory period, the court noted that it was "really, really important" that AS finish high school and also that an extension of AS's supervision would allow her to complete the program at the Girls Shelter that the court had previously ordered. Because the circuit court's order was based on compelling evidence and was not clearly erroneous, we affirm the extension.

Affirmed.

WYNNE and WHITEAKER, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.